**PROYECTO PASTORAL AT DO-LORES MISSION; Southern Christian Leadership Conference of Greater Los Angeles County, Plaintiffs—Appellants,**

v.

**COUNTY OF LOS ANGELES, erroneously sued as Los Angeles County Board of Supervisors; Michael Antonovich; Yvonne Brathwaite Burke; Don Knabe; Gloria Molina; Zev Yaroslavsky, Defendants—Appellees.**

No. 00–55955.

D.C. No. CV–98–00832–NM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 15, 2001.

Decided Nov. 2, 2001.

Before B. FLETCHER, D.W. NELSON and McKEOWN, Circuit Judges.

MEMORANDUM *

Plaintiffs–Appellants Proyecto Pastoral at Dolores Mission and Southern Christian Leadership Conference of Greater Los Angeles (the "Nonprofits") appeal the district

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

court's grant of summary judgment based on lack of standing. The Nonprofits brought a Title VI, 42 U.S.C. § 2000d *et seq*, claim challenging the Los Angeles County Board of Supervisor's decision to reallocate gang-prevention funds in even shares to all districts as having a disparate impact on districts with a greater need for the funds, which had higher African American and Latino populations.

We review grants of summary judgment and standing determinations de novo. *Walker v. City of Lakewood*, 263 F.3d 1005, 1012 (9th Cir.2001). We agree with the district court that the Nonprofits have failed to establish that they have Article III standing, either based on their status as potential contractors or based on organizational harm. Accordingly, we affirm.

The Nonprofits have not shown that they meet the requirements for contractor standing under *Northeastern Florida Chapter of the Associated General Contractors of America v. City of Jacksonville*, 508 U.S. 656, 113 S.Ct. 2297, 124 L.Ed.2d 586 (1993). There is no evidence that the county maintains any type of bidding system with respect to the challenged funding, nor have the Nonprofits shown that they have ever received, or have any concrete plans to apply for, county funds. Their speculation that they might apply, or might be deterred from applying, if bids were to be solicited is insufficient to support a claim of injury in fact. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

The Nonprofits claimed organizational standing under *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 378, 102 S.Ct. 1114, 71 L.Ed.2d 214 (1982). At the summary

judgment stage, the Nonprofits were required to come forward with evidence demonstrating concrete injury to their organization based on the challenged action. *Walker*, 263 F.3d at 1013. They have failed to do so. The vague, conclusory statements in the affidavits of the directors are insufficient as a matter of law to support a finding of organizational harm.

Nor have the Nonprofits shown how any claimed organizational injury is likely to be redressed by the relief they request. *See Allen v. Wright*, 468 U.S. 737, 758, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984). The challenged funds are entirely within the county's control, and it could simply withdraw funding at any time, leaving the demands on the Nonprofits' services unassisted by this court's relief.[1]

AFFIRMED.

---

1. We also note that the Nonprofits appear to allege only a discriminatory effect claim, a theory that is no longer available as a private cause of action under Title VI. *Alexander v.*

*Sandoval*, 532 U.S. 275, 121 S.Ct. 1511, 1523, 149 L.Ed.2d 517 (2001).

